UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PAUL CAMPBELL,  :
                Plaintiff,  :
      :
v.  :
      :
BANK OF AMERICA, NATIONAL  :
ASSOCIATION; BAC HOME LOAN  :
SERVICING, L.P., as successor in interest to  :    **OPINION AND ORDER**
COUNTRYWIDE HOME LOANS  :
SERVICING, L.P.; COUNTRYWIDE HOME  :    19 CV 11 (VB)
LOANS INC.; FEDERAL NATIONAL  :
MORTGAGE ASSOCIATION; SELENE  :
FINANCE LP; U.S. BANK NATIONAL  :
ASSOCIATION, individually and as trustee of  :
SW REMIC TRUST 2015-1; ROSICKI,  :
ROSICKI & ASSOCIATES, P.C.; and  :
SHAPIRO, DICARO, & BARAK, LLC,  :
                Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Paul Campbell, proceeding pro se, brings eighteen claims arising out of the foreclosure of his property in Mount Vernon, New York, against defendants (i) Bank of America, National Association ("BANA"); (ii) BAC Home Loan Servicing, L.P., as successor in interest to Countrywide Home Loans Servicing L.P. ("BAC"); (iii) Countrywide Home Loans Inc. ("Countrywide"); (iv) Federal National Mortgage Association; (v) Selene Finance LP ("Selene"); (vi) U.S. Bank National Association, individually and as trustee of SW REMIC Trust 2015-1 ("US Bank"); (vii) Rosicki, Rosicki & Associates, P.C.; and (viii) Shapiro, Dicaro & Barak, LLC.[1]

---

[1] Plaintiff sued US Bank as "U.S. Bank National Association, individually and as trustee of SW REMIC Trust 2015."

1

Before the Court are motions to dismiss the complaint pursuant to Rules 9(b), 12(b)(1), and 12(b)(6), on behalf of (i) BANA, BAC, and Countrywide, and (ii) Selene and US Bank. (Docs. ##13, 14, 19).

For the following reasons, the motions are GRANTED.[2]

**BACKGROUND**

For the purpose of ruling on the motions to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor. However, to the extent there are disputed factual issues concerning the Court's jurisdiction, the Court refers to evidence outside the pleadings.

A. <u>Notes and Mortgages</u>

On November 17, 2006, plaintiff executed two notes in favor of American Brokers Conduit ("ABC"). The first note, in exchange for a loan of $512,000, was secured by a mortgage encumbering property located at 420 South 4th Avenue, Mount Vernon, New York (the "Property"), between plaintiff and Mortgage Electronic Registrations Systems, Inc. ("MERS"), as nominee for ABC. In 2012, MERS, as nominee for ABC, assigned the mortgage to BANA, successor by merger to BAC. MERS subsequently obtained a correction assignment of mortgage assigning the mortgage to Countrywide, who then assigned the mortgage to BANA.

The second note, in exchange for a loan of $128,000, was secured by a second mortgage on the Property, also between plaintiff and MERS as nominee for ABC. On July 28, 2015, BANA, to whom the second note was presumably assigned, forgave the remaining principal balance of $127,750.77 on the second note.

---

[2] Defendants Rosicki, Rosicki & Associates, P.C., and Shapiro, DiCaro & Barak, LLC, did not answer, move, or otherwise respond to the complaint. It is not clear that they were ever properly served with the summons and complaint. In any event, for the reasons stated below, plaintiff's claims against them are barred by the <u>Rooker-Feldman</u> doctrine, <u>res judicata</u>, or both.

B.  State Court Proceedings

On December 11, 2007, Countrywide filed for foreclosure in Supreme Court, Westchester County, alleging plaintiff was in default as of July 1, 2007, on his first loan. Over seven years later, plaintiff filed an amended answer.[3] On March 22, 2016, the state court granted Countrywide's motion for summary judgment and denied plaintiff's cross-motion for dismissal. Among other things, the court found Countrywide had standing to sue.

The state court then issued a judgment of foreclosure and sale dated September 15, 2017, appointing a referee to sell the Property at a public auction. Plaintiff filed a motion to stay the foreclosure sale, which was denied, and the referee sold the Property at a foreclosure auction on November 19, 2018. Plaintiff subsequently filed a motion to vacate on December 7, 2018, which was denied on March 27, 2019, after plaintiff commenced this action.

C.  The Complaint

Plaintiff filed the instant complaint on January 3, 2019. Plaintiff brings eighteen claims, for: (i) violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (ii) violation of New York General Business Law Section 349 ("Section 349"); (iii) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (iv) continual acts of fraud; (v) unjust enrichment; (vi) negligent misrepresentation; (vii) fraudulent concealment; (viii) constructive fraud; (ix) civil aiding and abetting fraud; (x) willful and wanton gross negligence; (xi) civil conspiracy to defraud; (xii) unlawful conversion; (xiii) defamation; (xiv) harassment; (xv) slander of title; (xvi) quiet title; (xvii) declaratory relief pursuant to New

---

[3]  None of the parties explains the seven-year gap.

York Uniform Commercial Code Law Section 3-305; and (xviii) relief pursuant to New York General Business Law Section 133 ("Section 133").[4]

## DISCUSSION

I. Legal Standards

    A. Rule 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court should consider the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

In deciding a motion to dismiss under Rule 12(b)(1) at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees

---

[4] On April 5, 2019, plaintiff moved for summary judgment. (Docs. ##33–35). The Court ordered defendants not to respond, in light of the pending motions to dismiss. (Doc. #38). The Court does not reach plaintiff's motion for summary judgment because, as discussed below, all of plaintiff's claims are barred by either the Rooker-Feldman doctrine, res judicata, or both.

4

P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).[5] When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (internal citation omitted).

B.  Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a

---

[5] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d. Cir. 2009).

5

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). In addition, the Court may consider materials subject to judicial notice, including other court filings. Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (court filings) (collecting cases).

Moreover, the Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.     Rooker-Feldman Doctrine

Defendants argue the Court lacks subject matter jurisdiction over plaintiff's claims under the Rooker-Feldman doctrine.

The Court agrees as to all of plaintiff's claims except for his Section 349 claim.

The Rooker-Feldman doctrine bars federal courts from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting

6

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The doctrine applies when four requirements are satisfied: (i) the federal-court plaintiff has lost in state court, (ii) the plaintiff complains of injuries caused by a state-court judgment, (iii) the plaintiff invites district court review and rejection of that judgment, and (iv) the state court judgment was rendered before the district court proceedings commenced. Id.

"Courts in this circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman Doctrine." Francis v. Nichols, 2017 WL 1064719, at *4 (S.D.N.Y. Mar. 21, 2017) (internal quotation omitted). Indeed, "Rooker-Feldman precludes claims arguing that [a] defendant 'lacked standing to pursue [a] plaintiff's home's foreclosure in state court." Id. (quoting Gonzalez v. Deutsche Bank Nat'l Trust Co., 632 F. App'x 32, 33–34 (2d Cir. 2016) (summary order)) (internal alterations omitted). However, "[f]raud claims are not barred by Rooker-Feldman if (i) they seek damages for injuries suffered from the alleged fraud and (ii) their adjudication 'does not require the federal court to sit in review of the state court judgment.'" Id. at *5 (quoting Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014)).

The first and fourth elements are satisfied. Plaintiff lost in state court on September 15, 2017, the date of the judgment of foreclosure and sale. And plaintiff's complaint in this action is dated December 31, 2018—after the date of entry of judgment in state court.

Plaintiff's motion to vacate, filed in state court on December 7, 2018, before plaintiff commenced this action, and denied on March 27, 2019, after plaintiff commenced this action, does not revive the Court's jurisdiction. Other courts in this Circuit have held Rooker-Feldman applies despite pending state-court appeals. See, e.g., Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 701 F. Supp. 2d 340, 347 (E.D.N.Y. 2010). Those courts reasoned that the

7

purpose of Rooker-Feldman was to prevent "federal courts (other than the Supreme Court) from reviewing and reversing unfavorable state-court judgments." Id. (internal quotation, citations, and alterations omitted). "This purpose would be undermined if the doctrine is inapplicable simply because a litigant happens to be seeking state appellate review of a state-court judgment, while also seeking federal district court review of that judgment. Regardless of the status of any state court appeals, the litigant is still seeking federal review of a state-court judgment." Id. (citation omitted).

The same reasoning applies here. Plaintiff seeks federal review of a state court judgment; exercising jurisdiction over plaintiff's complaint merely because a motion to vacate is pending would frustrate the purpose of the doctrine. That is especially so when, as here, foreclosure of the Property occurred before plaintiff filed either the motion to vacate or the federal complaint. Finally, in so holding, the Court is mindful that an enterprising litigant could prolong state court proceedings with frivolous motions to allow a federal court to exercise subject matter jurisdiction over the litigant's claims.

The second and third elements are also satisfied as to all of plaintiff's claims except for his Section 349 claim. All of plaintiff's claims except for his Sections 133 and 349 claims rely on the assertion that the underlying mortgage transaction was fraudulent or that plaintiffs lacked standing to sue. As for plaintiff's Section 133 claim, plaintiff seeks to prohibit defendants from enforcing their rights under the loan documents or from foreclosing on the Property. A decision in plaintiff's favor on any of these claims would require rejection of the state court judgment.

However, liberally construed, plaintiff's Section 349 claim does not require rejection of the state court judgment. Plaintiff's Section 349 claim seeks damages for the alleged use of unconscionable commercial practices in connection with the original mortgage transaction. The

8

Court could find that defendants used unconscionable commercial practices without rejecting the state court judgment. Cf. Gifford v. United N. Mortg. Bankers, Ltd., 2019 WL 2912489, at *11 (S.D.N.Y. July 8, 2019) (stating claims under Section 349 "do not appear to violate the Rooker-Feldman doctrine"), report and recommendation adopted sub. nom. Gifford v. Knuckles, Komosinski & Elliot, LLP, 2019 WL 3564581 (S.D.N.Y. Aug. 6, 2019).

Accordingly, all of plaintiff's claims except for his Section 349 claim are barred by the Rooker-Feldman doctrine.

III.	Res Judicata

In any event, all of plaintiff's claims, including his claim under Section 349, are also barred by res judicata.

Under New York law, which applies here, see Estate of Keys v. Union Planters Bank, N.A., 578 F. Supp. 2d 629, 635 (S.D.N.Y. 2008), "res judicata bars successive litigation of all claims based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was," Sheffield v. Sherriff of Rockland Cty. Sherriff Dep't, 393 F. App'x 808, 811 (2d Cir. 2010) (summary order) (alterations omitted) (quoting People ex rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122 (2008)). "Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) (alterations and citations omitted) (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981)).

Claims are deemed to have been brought to a final conclusion even when they "could have been litigated [as defenses in the prior action], including defenses to a foreclosure." Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) (citations omitted). Further, a "federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Russo v. GMAC Mortg., LLC, 549 F. App'x 8, 10 (2d Cir. 2013) (summary order) (internal quotation omitted). And, "[t]he preclusive effect of res judicata stems from an earlier judgment, not from an earlier-filed suit." Simmtech Co. v. Citibank, N.A., 2016 WL 4184296, at *6, n.7 (S.D.N.Y. Aug. 3, 2016), aff'd, 697 F. App'x 35 (2d Cir. 2017) (summary order).

Res judicata bars plaintiff's claims here. First, the state court's judgment of foreclosure and sale was a final judgment on the merits. Second, the state court was one of competent jurisdiction in adjudicating the foreclosure action. Third, plaintiff was a party to the previous action. And fourth, plaintiff's claims all arise from the notes and mortgages at issue in state court, and plaintiff could have asserted—and, as to many of his claims, did assert—his claims in this case as defenses in the state court action.

Further, the Court rejects plaintiff's attempt to rely on a fraud exception to res judicata. "Res judicata applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999) (internal quotation omitted); but see In re Ward, 423 B.R. 22, 29 (Bankr. E.D.N.Y. 2010) (collecting cases) (stating some courts have held there is no fraud exception to res judicata in New York). "A plaintiff seeking to apply the fraud exception to res judicata must allege with particularly what the defendant did to conceal any material information and why it was unable to

10

discover defendant's actions." Ningbo Prods. Imp. & Exp. Co. v. Eliau, 2011 WL 5142756, at *9 (S.D.N.Y. Oct. 31, 2011) (internal quotations omitted).

Some courts have also differentiated between collateral attacks on judgments allegedly obtained by extrinsic fraud, which involves the parties' opportunity to have a full and fair hearing, and judgments allegedly involving intrinsic fraud, which involves the underlying issue in the original lawsuit. See In re Ward, 423 B.R. at 29. According to those courts, "New York law permits collateral attacks on judgments obtained by extrinsic, as opposed to intrinsic, fraud." Id.

Here, the alleged fraud concerns the underlying issues in the original lawsuit—i.e., intrinsic fraud—and therefore res judicata still applies. There are no allegations that defendants fraudulently concealed newly discovered evidence or that defendants took any actions affecting plaintiff's opportunity to have a full and fair hearing in state court. Indeed, plaintiff's allegations of fraud merely repeat his objections concerning defendants' standing in the state court action.

Accordingly, plaintiff's claims are barred by res judicata.

IV. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted). However, leave to amend may "properly be denied for . . .

11

'futility of amendment.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  This is true even when a plaintiff is proceeding pro se.  See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, granting leave to amend would be futile.  Even the most generous reading of plaintiff's complaint and filings does not indicate plaintiff could state a valid claim not precluded by the Rooker-Feldman doctrine or res judicata.

Accordingly, the Court declines to grant plaintiff leave to amend.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motions (Docs. ##13, 14, 19) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: August 28, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge